IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2811-WJM-KAS

AECOM TECHNICAL SERVICES, INC.,

    Plaintiff-Counterclaim Defendant,

v.

FLATIRON | AECOM, LLC,

    Defendant-Counterclaim Plaintiff.

**ORDER OVERRULING AECOM'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING [AECOM'S] MOTION FOR LEAVE TO SUPPLEMENT ITS REBUTTAL EXPERT REPORT AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

    Before the Court is Plaintiff-Counterclaim Defendant AECOM Technical Services' ("AECOM" or "ATS") Objection to the Magistrate Judge's Order Denying [AECOM's] Motion for Leave to Supplement Its Rebuttal Expert Report ("Objection").  (ECF No. 280.)  Defendant-Counterclaim Plaintiff Flatiron | AECOM, LLC ("Flatiron") filed a response.  (ECF No. 282.)  For the following reasons, AECOM's Objection is overruled, and the Magistrate Judge's Order is affirmed.

**I. LEGAL STANDARD**

    "Discovery is a nondispositive matter . . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous

standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## II. ANALYSIS

On September 25, 2023, United States Magistrate Judge Kathryn A. Starnella issued an order denying AECOM's motion for leave to supplement its drainage rebuttal expert report ("Order"). (ECF No. 279.) Judge Starnella's Order was exceptionally thorough, and the Court incorporates herein her findings and conclusions by reference. (*Id.* at 5–12.) At bottom, Judge Starnella concluded that Flatiron's standard of care expert, Dr. Kenneth O'Connell, did not offer "new" opinions in his supplemental report such that AECOM should be afforded the opportunity to rebut them with a supplemental report from AECOM's drainage expert, Matthew Webb.

In its Objection, AECOM argues that the Order is "clearly erroneous because it does not permit ATS to supplement its drainage rebuttal expert report to address the opinions advanced in significant detail and specificity in Dr. O'Connell's Supplemental

Report."  (ECF No. 280 at 6.)  Further, AECOM argues that the prejudice to it is "undeniable" because Mr. Webb is foreclosed from rebutting Flatiron's purportedly "newly-advanced theories, in particular regarding the design of the 'ultimate configuration.'"  (*Id.*)  Thus, AECOM asks that the Court reverse the Order and allow it to rebut Dr. O'Connell's supplemental report.  (*Id.* at 7.)  If the Court declines to do so, AECOM contends that "[a]t a minimum, the Court should issue an order clarifying that ATS' drainage expert Matthew Webb will be allowed to rebut the issues advanced in Dr. O'Connell's Supplemental Report if those issues are raised at trial."  (*Id.* at 7–8.)

For the following reasons, the Court affirms the Order.  As Flatiron correctly points out in its response, "ATS does not challenge the accuracy of the Order's conclusion that none of the four new opinions ATS cites from Dr. O'Connell's Supplemental Report . . . are actually new."  (ECF No. 282 at 2 (some alterations and quotation marks omitted).)  Accordingly, the Court finds that AECOM has not met its burden to demonstrate that the Order was clearly erroneous or contrary to law, as required by Rule 72(a).

Thus, the only remaining issue for the Court is to address AECOM's request that Mr. Webb be allowed to rebut the issues advanced in Dr. O'Connell's supplemental report if those issues are raised at trial.  The Court has given the matter due consideration and is not prepared to make a determination before trial.  Therefore, to the extent the issue arises at trial, the Court will consider it in the context and fullness of the evidence as it comes in at trial.

### III. CONCLUSION

For the reasons explained above, the Court ORDERS:

3

1. AECOM's Objection (ECF No. 280) is OVERRULED; and

2. The Magistrate Judge's Order (ECF No. 279) is AFFIRMED.

Dated this 30th day of October, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge