IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2811-WJM-KAS

AECOM TECHNICAL SERVICES, INC.,

    Plaintiff-Counterclaim Defendant,

v.

FLATIRON | AECOM, LLC,

    Defendant-Counterclaim Plaintiff.

---

**ORDER RESERVING RULING ON AECOM'S MOTION FOR ANTI-SUIT INJUNCTION**

---

    Before the Court is Plaintiff AECOM Technical Services, Inc.'s ("AECOM") Motion for Anti-suit Injunction ("Motion"). (ECF No. 304.) Defendant Flatiron AECOM, LLC ("Flatiron") filed a response (ECF No. 308), and AECOM filed a reply (ECF No. 333).

    For the following reasons, the Court for the present will reserve ruling on the Motion.

### I. BACKGROUND[1]

    In the Motion, AECOM explains that on November 3, 2023, Flatiron filed a lawsuit in Denver District Court styled *Flatiron | Aecom, LLC and Flatiron Constructors, Inc., v. Aecom Technical Services, Inc., Will Carrier, and Mindy Steckmest*, No. 2023CV33243 (the "Denver Case"). (ECF No. 304 at 2.) According to AECOM, Flatiron "essentially repeats the allegations of Flatiron's dismissed negligent misrepresentation claim, ECF

---

[1] The parties are familiar with the factual background of this litigation, which the Court will not reiterate here. Therefore, the Court focuses on the events leading to the filing of the Motion.

[No.] 37 ¶¶ 48–60, but adds the allegation that AECOM's witnesses Mindy Steckmest (its project manager during the pursuit phase, through the execution of the Subcontract) and Will Carrier (its lead drainage designer and the engineer with the longest continuous involvement with the Project), intentionally concealed design errors from Flatiron until Flatiron had entered into the liability-capped Subcontract." (*Id.* at 2–3.) AECOM believes that the "primary goal of this fraud lawsuit (like the prior negligent misrepresentation claim) is to nullify the Subcontract's liability limitation." (*Id.* at 3.) Additionally, AECOM asserts that Flatiron "deliberately added parties on both sides of the 'v' of the new state court action . . . to avoid preclusion." (*Id.* at 4.)

AECOM explains that Steckmest and Carrier will be its primary fact witnesses in the federal trial, and Flatiron's actions in suing them personally for hundreds of millions of dollars in damages will "necessarily rattle and intimidate them." (*Id.* at 5.) Therefore, AECOM states that it intends to ask the state court to stay the state action until the federal action fully concludes. (*Id.*)

## II. LEGAL STANDARD

Under the Anti-Injunction Act ("AIA") a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has "made clear that the statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding" absent one of the enumerated exceptions. *Mitchum v. Foster*, 407 U.S. 225, 228–29 (1972). Additionally, the Supreme Court has explained that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be

2

resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970). "The explicit wording of [§] 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." (*Id.*)

### III. ANALYSIS[2]

First, AECOM argues that an injunction is warranted to protect this Court's jurisdiction, noting that the federal action has been ongoing for at least four years and involves significant damages, discovery, and motion practice. (ECF No. 304 at 8.) This action is also, the Court notes, on the eve of an 18-day jury set to commence later this month. Further, AECOM argues that the state court action is a collateral attack on this Court's order finding that the Subcontract's liability cap applies in this case (ECF No. 252). (ECF No. 304 at 8.) AECOM also asks this Court to consider the impact of the state action on Steckmest and Carrier, which AECOM argues is akin to "witness intimidation." (*Id.* at 9.)

Second, AECOM argues that an injunction is warranted to protect and effectuate this Court's judgment enforcing the Subcontract's liability limitation from Flatiron's collateral attack. (*Id.*) AECOM invites the Court to address Flatiron's fraud theory—which Flatiron unsuccessfully attempted to bring in an eleventh-hour motion to amend the pleadings—on the merits. (*Id.* at 10.) Additionally, AECOM contends that a final judgment is not necessary because a summary judgment order is a judgment of the court. (*Id.* at 11.)

---

[2] AECOM concedes that the AIA's first exception for expressly authorized injunctions is not applicable. (ECF No. 304 at 7.)

3

In sum, AECOM asks the Court to: (1) augment its summary judgment order and order denying Flatiron's motion to amend (ECF Nos. 252, 275) with rulings that Flatiron's fraud claims are waived and futile due to lack of justifiable reliance; (2) enjoin Flatiron and its privies, including its member-manager Flatiron Constructors, from prosecuting the Denver Case; and (3) if the Court does not enter the injunction, AECOM asks the Court to "remain receptive to a renewed application, particularly if the state court does not immediately stay the state case until this federal matter reaches final judgment." (ECF No. 304 at 15.)

Flatiron responds that the Motion is meritless, desperate, and barred by the AIA. (ECF No. 308 at 2.) First, Flatiron argues that the second exception to the AIA does not apply in this case, as that circumstance "is only present when property is subject to multiple, potentially conflicting *in rem* decisions." (*Id.*) Second, Flatiron argues that no injunction is necessary to protect or effectuate this Court's judgments, as no final judgment has been entered, rendering this exception inapplicable. (*Id.* at 3.)

The Court concludes that given the complexity of the competing legal arguments on the important issues raised in the Motion, it will not at this time rule on the merits of those arguments. Due deference to the important principle of comity as between the federal and state courts, and their respective jurisdictional and procedural prerogatives, compels this result at this time.

The Court further concludes that given the tangled jurisdictional and procedural thicket created by Flatiron's late-stage filing of the Denver Case, the interest of justice would best be served by allowing the district judge in the Denver Case to determine, in the first instance, whether a stay of that proceeding pending entry of final judgment in

4

this action would, or would not, be appropriate under Colorado law in the context of the starkly disparate procedural postures of the newly-filed Denver Case and this four-year old case which is on the eve of a four-week jury trial.  After the state court judge rules on the stay issue the Court will take the Motion up again on its merits.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that:

1. By no later than **January 3, 2024** Flatiron will cause a copy of this Order to be filed on the docket in the Denver Case;

2. By no later than **January 4, 2024** Flatiron will file in this case a Certificate of Filing attesting to its compliance with the above; and

3. AECOM is DIRECTED to forthwith advise this Court of any ruling by the district judge in the Denver Case to stay, or to decline to stay, that state court action pending entry of final judgment in this litigation.

Dated this 2nd day of January, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

5