IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2811-WJM-KAS

AECOM TECHNICAL SERVICES, INC.,

    Plaintiff-Counterclaim Defendant,

v.

FLATIRON | AECOM, LLC,

    Defendant-Counterclaim Plaintiff.

**ORDER DENYING NON-PARTY COLORADO DEPARTMENT OF TRANSPORTATION'S MOTION TO QUASH AND FOR PROTECTIVE ORDER FROM SUBPOENA TO APPEAR AND TESTIFY**

    Before the Court is Non-Party Colorado Department of Transportation's ("CDOT") Motion to Quash and for Protective Order to Appear and Testify ("Motion"). (ECF No. 361.) CDOT states that Defendant Flatiron AECOM, LLC ("Flatiron") "does not oppose CDOT's Motion and request for protective order, without waiver of any of its rights to examine Mr. Keleman/CDOT's witness in the event that the Court denies CDOT's Motion." (ECF No. 361 at 2.) Flatiron did not file a response. Plaintiff AECOM Technical Services, Inc. ("AECOM") filed a response in opposition. (ECF No. 368.)

    Based on the Court's numerous prior Orders, the Court presumes that the parties are familiar with the facts and procedural history leading to the filing of the Motion and does not repeat them here. For the following reasons, the Motion is denied.

**I. LEGAL STANDARD**

    The Motion is filed pursuant to Federal Rule of Civil Procedure 45(d)(3), which

regulates motions to quash or modify subpoenas and states in relevant part:

>   (A)   *When Required*.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
>   . . .
>
>   (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
>   (iv)   subjects a person to undue burden.
>
>   (B)   *When Permitted*.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>   . . .
>
>   (ii)   disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3) (italics in original).

## II. ANALYSIS[1]

CDOT, a non-party to this civil action, requests that the Court quash the subpoena issued by AECOM and enter a protective order releasing Michael Keleman from any obligation to appear and testify at the jury trial.  (ECF No. 361 at 9.)  Keleman is the former C-470 Project Engineer for CDOT, and AECOM subpoenaed him to testify regarding matters in the course and scope of his employment.  (*Id.* at 1.)  Broadly speaking, CDOT argues that the subpoena "subjects [it] to undue burden, including, but

---

[1] AECOM's response often cites ECF No. 359, which was CDOT's initial motion to quash.  However, CDOT filed a corrected Motion at ECF No. 361, which the Court concludes is the operative motion.

not limited to, reasonable anticipation of topics that call for testimony which is either privileged or constitutes unretained Fed. R. Civ. P. 702 expert opinions, neither of which are permissible under Fed. R. Civ. P. 45." (*Id.*)  Additionally, CDOT contends that "undue burden exists given CDOT's unique position as a non-party, without legal counsel able to protect Mr. Keleman/CDOT's rights given legal complexities outside this action." (*Id.* at 1–2.)

As an initial matter, CDOT lists several pending lawsuits related to the C-470 Project, including:

- CDOT filed a lawsuit against Flatiron in Denver District Court Case No. 2022CV32182 ("CDOT's Denver Case");

- CDOT's Denver Case is on an administrative stay due to Flatiron's American Arbitration Association ("AAA") Case No. 01-21-0003-8675 ("Arbitration"), originating from an Order in Arapahoe County District Court Case No. 2020CV031875 ("Arapahoe Case");

- There is an Office of Administrative Courts Case, Case No. HW-2021-0002 ("OAC Case"); and

- Flatiron has filed a new lawsuit in Denver District Court, Case No. 2023CV033243 alleging fraud claims against AECOM ("Denver Fraud Case") (*see* ECF No. 304, Ex. 1 at 1-24).

(*Id.* at 3.)

With respect to its specific concerns about the Motion, CDOT explains that

> [t]opics of improper privileged testimony can reasonably be anticipated to include: testimony regarding Flatiron's "SREA" (*see, e.g.*, ECF N[o]. 354), testimony regarding what has been termed a "Close Out REA", topics related to "fraud"

3

>> allegations including allegation regarding violation(s) of the Colorado False Claims Act by Flatiron, testimony related to "other disputes with Flatiron subcontractors" (*see, e.g.*[,] ECF No. 354, at 8–9).

(*Id.* at 7.)

Further, CDOT anticipates that "improper unretained expert testimony may be elicited through Mr. Keleman under the guise of facts and foundation," as "Mr. Keleman is a Professional Engineer and served as the C-470 Project Engineer for CDOT [for] a period of time." (*Id.* at 7–8.) CDOT predicts that "questioning Mr. Keleman on a CDOT project letter, following the introductory, facial, and foundational questions, questioning is highly likely to advance into subtly improper expert testimony, and protected areas related to CDOT's decision-making and CDOT's basis for positions contained therein." (*Id.* at 8.) For instance, CDOT anticipates that "there will be questioning into Mr. Keleman's opinions as to 'why' the C-470 Project was not completed on time, which is expert in nature." (*Id.*)

Finally, CDOT expresses concern that if the subpoena is not quashed, AECOM and Flatiron "get an opportunity to question a putative agent of CDOT without counsel, which will likely trigger future contests on whether Mr. Keleman is even an agent for CDOT, or can serve as a conduit for contested expert opinions, and certainly whether he could be deemed to possibly waive areas of privilege that CDOT absolutely expects to maintain." (*Id.* at 8.)

In response, AECOM argues that CDOT lacks standing to move for a protective order or to quash the subpoena because it is directed to Keleman individually, not CDOT, and Keleman is no longer a CDOT employee. (ECF No. 368 at 2.) With respect to CDOT's concerns about privileged and expert testimony, AECOM contends that

4

these concerns are much ado about nothing, as it does not intend to elicit privileged or expert testimony from Keleman.  (*Id.* at 2.)  AECOM states that it is "agreeable with having counsel to CDOT present at trial during Mr. Keleman's examinations."  (*Id.* at 6.)

AECOM also argues that the fact that Keleman's testimony may "substantively prejudice CDOT in later litigation is not a basis under the Rules to preclude his testimony, or to 'protect' CDOT."  (*Id.* at 5.)  AECOM points out that there is no argument that the subpoena will subject Keleman to any undue burden, as it does not require him to spend hours reviewing and producing numerous documents; rather, the subpoena merely requires him to attend one day of trial and testify for a few hours or less.

Upon due consideration of both parties' arguments, the Court denies the Motion. As AECOM argues, Rule 45(d) does not protect CDOT against concerns that Keleman's testimony may negatively affect its position in ancillary litigation.  (*Id.* at 5.)  Further, the subpoena is not unduly burdensome for CDOT, as it is not even directed to CDOT, but to its former employee.  *See Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 252 (W.D.N.Y. 2018) ("Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden. . . .  In other words, the undue burden contemplated by Rule 45 relates to the burden . . . on the recipient of a subpoena.") (internal citations and quotations omitted).  There is no basis for the Court to conclude the subpoena is unduly burdensome for Keleman himself.

With regard to the most compelling arguments CDOT raises, AECOM explicitly states in its response that it does not intend to seek to elicit privileged or expert

5

testimony from Keleman.  (ECF No. 368 at 6, 8.)  The Court will hold AECOM to that representation.  And, as a further prophylactic measure against improper testimony, AECOM has no objection to counsel representing Keleman at trial and making any objections counsel deems appropriate at that time.  Accordingly, the Court will permit Keleman to testify with his own counsel present.

### III. CONCLUSION

For the reasons explained above, the Court ORDERS that:

1. Non-Party Colorado Department of Transportation's Motion to Quash and for Protective Order to Appear and Testify (ECF No. 361) is DENIED; and

2. During his trial testimony, Mr. Keleman may have counsel of his choosing, who will be allowed to make appropriate objections.

Dated this 26th day of January, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge