# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02811-WJM-KAS

AECOM TECHNICAL SERVICES, INC.,

    Plaintiff / Counterclaim Defendant,

v.

FLATIRON | AECOM, LLC,

    Defendant / Counterclaim Plaintiff.

---

**FLATIRON | AECOM, LLC'S FINAL DISPUTED JURY INSTRUCTIONS**

---

Pursuant to ECF 391, Defendant/Counterclaim Plaintiff FLATIRON | AECOM, LLC ("Joint Venture" or the "JV") hereby submits the following FINAL Disputed Jury Instructions.

## Contents

**Causes of Action** ........................................................................................................... 3

   A.  Breach of Contract Claim (Defined) .................................................................. 3

   B.  ATS Breach Of Contract Claim (Elements) ...................................................... 4

   C.  The JV's Breach of Contract Claim (Express Promise) ................................... 5

   D.  The JV's Breach of Contract Claim (Duty of Good Faith & Fair Dealing) ................. 6

   E.  Damages Must be Foreseeable ........................................................................ 8

   F.  Uncertainty ........................................................................................................ 9

   G.  Limiting Instruction on ATS/AECOM Relationship ......................................... 10

   H.  ATS's Affirmative Defense to the JV's Damages (Mitigation of Damages) ............ 11

   I.  Limiting Instruction on Subcontract's Liability Limitation Provision ......................... 12

## Causes of Action[1]

### DISPUTED INSTRUCTION A
### Breach of Contract Claim (Defined)

Both parties have asserted a claim against the other for breach of contract.

A breach of contract is the failure to perform a contractual promise when performance is due.[2] A party may breach either an express or an implied provision of the contract.[3]

* * *

---

[1] The JV does not propose any "preliminary instructions" or modifications to this Court's own set of preliminary instructions to the jury. *See* WJM Practice Standards at VI.A. ("Preliminary instructions need not be submitted . . . .").

[2] CJI-Civ 30:11 ("This instruction, which defines the phrase 'breach of contract,' should be given whenever Instruction 30:10 is given").

[3] ABA Model Jury Instructions: Construction Litigation (2d. Ed.) § 8.02 (*Exhibit A*).

## **DISPUTED INSTRUCTION B**
**ATS Breach Of Contract Claim (Elements)**

For ATS to recover from the JV on its claim for breach of the Design Subcontract, you must find <u>both</u> of the following have been proved by a preponderance of the evidence:

a) The parties entered into the Design Subcontract with ATS to perform design work on the C470 Project. This first element has been stipulated to by the parties and has therefore been established.

b) The JV breached the Design Subcontract by failing to pay ATS for design services performed on the Project under the Design Subcontract.

If you find that ATS did not prove both elements by a preponderance of the evidence, your verdict should be for the JV. On the other hand, if you find that ATS has proven either of these elements by a preponderance of the evidence, your verdict should be for ATS.[4]

\* \* \*

---

[4] CJI-Civ. 30:10 (modified).

## **DISPUTED INSTRUCTION C**
**The JV's Breach of Contract Claim (Express Promise)**

The JV also has asserted a breach of contract claim against ATS.

The parties stipulate that ATS entered into two contracts with the JV: the Teaming Agreement during the bidding phase of the Project, and the Design Subcontract after the JV was awarded the Project. The parties also stipulate that in both contracts, ATS agreed to provide design services to the JV on the Project that met a certain standard of care.

For the JV to recover from the defendant ATS on its claim of breach of contract, you must find <u>one or both</u> of the following elements have been proved by a preponderance of the evidence:

a) ATS failed to provide design services during the bid phase that satisfied the standard of care identified in the Teaming Agreement; and/or

b) ATS failed to provide design services after the award of the Project that satisfied the standard of care identified in the Design Subcontract.

If you find that neither of these statements have been proved by a preponderance of the evidence, then your verdict must be for ATS. On the other hand, if you find that either of these statements have been proved, then your verdict must be for the JV. [5]

\* \* \*

---

[5] CJI-Civ. 30:10 (modified).

# DISPUTED INSTRUCTION D
## The JV's Breach of Contract Claim (Duty of Good Faith & Fair Dealing)

Every contract in Colorado requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract.

A party performs a contract in good faith when its actions are consistent with the agreed common purpose and the reasonable expectations of the parties.[6] The duty of good faith and fair dealing prohibits conduct that violates standards of decency, fairness or reasonableness. The duty of good faith and fair dealing is breached when a party acts contrary to the parties' agreed common purpose or outside of accepted commercial practices.[7]

The duty of good faith and fair dealing is also breached by acting unfairly or acting dishonestly to deprive the other party of the benefit of the contract. Dishonest conduct can come in the form of overt acts, such as intentionally misrepresenting facts during performance of the contract, or also through inaction, including by deliberately remaining silent or concealing facts where defendant had a duty to the other contracting party to

---

[6] CJI-Civ. 30:16 (modified); Paquet v. Smith, 854 F. Supp. 2d 1003, 1009 (D. Colo. 2012) (Martinez, J.) (citing Wells Fargo Realty Adv. Funding, Inc. v. Uioli, Inc., 872 P.2d 1359, 1363 (Colo. App. 1994); Uioli, Inc., 872 P.2d 1359 (Colo. App. 1994) (when one party uses discretion conferred by contract to "act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract, the contract is breached") (citing Restatement (2d) of Contracts § 205 cmt. a (1981)); ADT Sec. Servs., Inc. v. Premier Home Prot., Inc., 181 P.3d 288, 293 (Colo. App. 2007) ("Good faith performance of a contract involves 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'").

[7] Restatement (2d) of Contracts § 205; instructions approved by the Court in SOLIDFX v. Jeppesen Sanderson, Inc., no. 11-cv-01468-WJM-NYW, ECF 343-3 at 27; Best Beach Getaways LLC v. TSYS Merch. Sols., LLC, 2021 WL 3206300, at *5 (D. Colo. July 29, 2021) (quoting Alpine Bank v. Hubbell, 555 F.3d 1097, 1104 (10th Cir. 2009)).

provide truthful and material information.[8] A fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do.[9]

For the JV to recover from ATS on its claim of implied breach of contract, you must find one or more of the following elements have been proved by a preponderance of the evidence:

1. ATS failed to perform its design services in accordance with the duty of good faith and fair dealing by performing design work outside of reasonable industry practices and the JV's justified expectations; and

2. ATS intentionally misrepresented and/or concealed facts about the quality of ATS's bid design before the JV ever signed a contract with CDOT for the project,[10] and

3. ATS intentionally misrepresented or concealed facts about the quality of ATS's post-award design from the JV.

If you find that none of these statements have been proved by a preponderance of the evidence, then your verdict must be for ATS. On the other hand, if you find that at least one of these statements have been proved, then your verdict must be for the JV.

---

[8] Restatement (2d) of Contracts § 205 cmt. d (1981) (Bad faith conduct "may be overt or may consist of inaction, and fair dealing may require more than honesty."); Davis Cattle Co. v. Great W. Sugar Co., 393 F. Supp. 1165, 1175, 1996 (D. Colo. 1975), aff'd, 544 F.2d 436 (10th Cir. 1976) ("The gravamen of plaintiff's claim under either of the theories under which I have allowed recovery is ultimately founded on breach of contract—either [express] or a bad faith breach of a contractual duty to use good faith. Although I have imposed liability on defendant for its 'fraud, or such gross mistake on (its) part (which implies) bad faith, . . . this is not equivalent to a finding of common law fraud. What I have ultimately found is bad faith or gross mistake on defendant's part in disobeying its contractual obligations."); Colo. Nat. Bank of Denver v. Friedman, 846 P.2d 159, 172 (Colo. 1993) (en banc) (relying on section 205 of the *Restatement (Second) of Contracts* (1981), affirming verdict for breach of implied good faith duty because defendant's actions were "tinged with dishonesty, bad faith, or the failure to exercise an honest judgment."); Dream Finders Homes LLC v. Weyerhaeuser NR Co., 506 P.3d 108, 123 (Colo. App. 2021) (defendant owed implied duty "not to engage in fraud or to misrepresent the condition and safety of its" product); Bayou Land Co. v. Talley, 924 P.2d 136, 155 (Colo. 1996); Hamon Contr. Inc. v. Carter & Burgess, Inc., 229 P.3d 282, 289 (Colo. App. 2009) ("[T]he implied covenant of good faith and fair dealing prohibits fraud in the performance of contractual obligations."); *id.* at 282 (defendant had an implied duty "*to provide truthful information about the cause of the drainage problem*") (emphasis added); Best Beach Getaways LLC v. TSYS Merch. Sols., LLC, No. 20-CV-01962-NRN, 2021 WL 3206300, at *7 (D. Colo. July 29, 2021) (implied duty claim created a factual issue "whether TSYS acted dishonestly or outside the scope of industry standards").

[9] CJI-Civ. 19:4 (Material Fact).

[10] CJI-Civ. 30:10.

7

## DISPUTED INSTRUCTION E
### Damages Must be Foreseeable

"Compensatory damages" means the amount required to compensate the claiming party for losses from the breaching party's breach of the contract that are foreseeable by the parties at the time the contract was made."

For damages to be recoverable, they must be foreseeable by the parties to the contract at the time the contract was made. "Foreseeable" means within the reasonable contemplation of the parties at the time the contract was made.[11]

\* \* \*

---

[11] CJI-Civ. 30:38; Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 45.

## **DISPUTED INSTRUCTION F**
### Uncertainty

      Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.[12]

* * *

---

[12] CJI-Civ. 5:6

## **DISPUTED INSTRUCTION G**
### Limiting Instruction on ATS/AECOM Relationship

  Flatiron | AECOM, LLC is a limited liability company.  You have heard it called a Joint Venture – that is because the limited liability company is made up of two members, each of which are separate companies that have a joint interest in the project and an agreement to share jointly in the profits or losses of that project.[13]

  The two members of the Flatiron | AECOM LLC entity are Flatiron Constructors, Inc. and AECOM Construction Services, Inc (or AECOM Construction).  The minority member of the JV, AECOM Construction, is an affiliated company to ATS.  You may consider this affiliation for purposes of determining liability, but you should not consider that affiliation in any way for the purposes of determining damages.

* * *

---

[13] CJI Civ 7:4.

# **DISPUTED INSTRUCTION H**
## **ATS's Affirmative Defense to the JV's Damages (Mitigation of Damages)**

If you find that the JV has proven actual damages, then you must consider whether ATS has proved its affirmative defense that that the JV failed to mitigate or minimize its damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize its damages. Damages, if any, caused by plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.

ATS's affirmative defense is proved if you find that both of the following have been proven by a preponderance of the evidence:

1. The JV failed to take reasonable steps under the circumstances to mitigate or minimize its damages; and

2. The JV had increased losses because it did not take certain reasonable steps that ATS claims the JV should have taken.[14]

A party's failure to mitigate damages is excused if mitigation would require unreasonable measures or if there were reasonable grounds for the party's failure to mitigate damages.[15] For example, a defending party's assurances that the wrong will be remedied is a sufficient justification for a claiming party's failure to mitigate, if there were reasonable grounds for believing the assurances.[16]

If you find that the breaching party has not proven this proposition by a preponderance of the evidence, then there will be no deduction from claiming party's damages. On the other hand, if you find that the breaching party has proven that proposition by a preponderance of the evidence, then you must determine the amount of damages caused by claiming party's failure to take such reasonable steps. This amount must not be included in your award of damages for breach of contract.

---

[14] CJI - Civil § 5:2.

[15] Fair v. Red Lion Inn, 943 P.2d 431, 437 (Colo. 1997).

[16] Berger v. Sec. Pac. Info. Sys., Inc., 795 P.2d 1380, 1385-1386 (Colo. App. 1990) (citing C. McCormick, *Law of Damages* § 38 (1935); 22 Am.Jur.2d *Damages* § 504 (1988)).

## DISPUTED INSTRUCTION I[17]
### Limiting Instruction on Subcontract's Liability Limitation Provision

I have permitted the parties to introduce to you the "Limitations of Liability" provision contained in the Design Subcontract because ATS contends it is relevant to the amount of damages that were foreseeable by the parties at the time the Design Subcontract was signed.

While you may consider this clause for purposes of determining whether the Joint Venture's damages were foreseeable, the liability limitation provision does not, in any manner, limit or cap the amount of damages that you as the jury can award if you conclude that the facts and the law support such an award.[18]

---

[17] The JV leaves its proposed Limiting Instruction on the Subcontract Limitation of Liability Provision in this filing for purposes of completeness. However, the JV understands the Court issued its ruling on this instruction.

[18] ECF 354 at 7-8; ECF 301 at 6-8; ECF 360-1 (Design Subcontract) at page 5 ¶ 1; ECF 338 at 11-14 (JV objections to ATS Jury Instruction 6 on LOL Clause) (analyzing and distinguishing source cases cited in ATS' proposed limiting instruction in ECF 357).

Dated: February 2, 2024

By:
/s/ Justin B. Nemeroff
Michael C. Davis
David L. Feinberg
Justin B. Nemeroff
**Venable LLP**
600 Massachusetts Ave. NW
Washington, DC 20001
(202) 344-4000
mcdavis@venable.com
dlfeinberg@venable.com
jbnemeroff@venable.com

Buck Beltzer, #37804
Bret Gunnell, #24579
Michael Zehner, #51312
**Beltzer Bangert & Gunnell LLP**
5420 S. Quebec St.
Suite 103
Greenwood Village, CO 80111
(720) 576-7225
buck@bbglaw.com
bret@bbglaw.com
mzehner@bbglaw.com

ATTORNEYS FOR FLATIRON | AECOM, LLC

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel of record.

*/s/ Justin B. Nemeroff*
Justin Nemeroff
