## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02811-WJM-KLM

AECOM TECHNICAL SERVICES, INC.,

        Plaintiff/Counterclaim Defendant,

v.

FLATIRON | AECOM, LLC,

        Defendant/Counterclaim Plaintiff.

---

## STIPULATED JURY INSTRUCTIONS

---

        Following conferral, and pursuant to ECF 391, the parties stipulate to the following jury instructions.

        Respectfully submitted this 2nd day of February, 2024.


<table>
<tr><td><u>s/ Stephen D. Gurr</u></td><td><u>s/ Justin B. Nemeroff</u></td></tr>
<tr><td>Stephen D. Gurr, sgurr@polsinelli.com<br>M. Adam Lewis,<br>adam.lewis@polsinelli.com<br>Carter McDonnell,<br>cmcdonnell@polsinelli.com<br>Bennett L. Cohen, bcohen@polsinelli.com<br>Polsinelli PC<br>1401 Lawrence Street, Suite 2300<br>Denver, CO 80202<br>Phone: (303) 572-9300</td><td>Michael C. Davis<br>David L. Feinberg<br>Justin B. Nemeroff<br>Venable LLP<br>600 Massachusetts Ave. NW<br>Washington, DC 20001<br>(202) 344-4000<br>mcdavis@venable.com<br>dlfeinberg@venable.com<br>jbnemeroff@venable.com</td></tr>
<tr><td><i>Attorneys for Plaintiff/Counterclaim Defendant AECOM Technical Services, Inc.</i></td><td><i>Attorneys for Defendant/Counterclaim Plaintiff FLATIRON | AECOM, LLC</i></td></tr>
</table>

Buck Beltzer, #37804
Bret Gunnell, #24579
Michael Zehner, #51312
Beltzer Bangert & Gunnell LLP
5420 S. Quebec St.
Suite 103
Greenwood Village, CO 80111
(720) 576-7225
buck@bbglaw.com
bret@bbglaw.com
mzehner@bbglaw.com

*ATTORNEYS FOR FLATIRON | AECOM, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 2, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel in this action.

*s/ Tammi Huff*

PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS    1

Overview.................................................................................................................... 1

Jurors' duties ........................................................................................................... 2

Evidence — defined.................................................................................................. 3

Direct and circumstantial evidence ......................................................................... 4

Burden of proof........................................................................................................ 5

Highlighted exhibits.................................................................................................. 6

Juror's findings - probabilities ................................................................................. 7

Credibility of witnesses ............................................................................................ 8

Oral statements or admissions .............................................................................. 10

Use of depositions ................................................................................................. 11

Expert witness ....................................................................................................... 12

Equal Treatment of Business Entities.................................................................... 13

All available witnesses need not be produced ....................................................... 14

Number of witnesses ............................................................................................. 15

Lawyers' objections ............................................................................................... 16

PART II: STIPULATED FACTS................................................................................ 17

Stipulations ............................................................................................................ 17

PART III: CLAIMS ................................................................................................... 18

Transition to claims................................................................................................ 18

Contract interpretation ........................................................................................... 19

Damages — overview............................................................................................. 20

Direct damages; consequential damages............................................................... 21

Nominal damages................................................................................................... 22

PART IV: DELIBERATION AND VERDICT FORM ................................................... 23

Transition to deliberation and verdict form............................................................. 23

Applying law to evidence ........................................................................................ 24

Duty to deliberate................................................................................................... 25

Communication with the court ................................................................................ 27

**PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS[1]**

**<u>STIPULATED INSTRUCTION 1</u>**
**Overview**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case-for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Sources:

Tenth Circuit Criminal Pattern Jury Instructions § 1.03

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 1

---

[1] This submission includes a number of the Court's standard instructions which the parties are not required to submit per the Court's practice standards. However, because ATS has drawn from the Court's instructions in *SOLIDFX*, it has prepared these instructions for the case for the Court's convenience. Flatiron does not object, so they are submitted as stipulated.

93286587.1

## STIPULATED INSTRUCTION 2
### Jurors' duties

In reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

You are not to be concerned with the wisdom of any rule of law stated by me. It would be a violation of your oath to base your verdict on anything other than the law as presented in these instructions and the facts as you find them. Counsel may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law as stated by counsel or in the exhibits, and that stated by me in these instructions, my instructions prevail. The law contained in these instructions is the law that must govern your deliberations in this case.

Finally, it is your duty to base your verdict solely upon the evidence, without sympathy, bias, or prejudice for or against any party in this case. That was the promise you made and the oath you took.

Sources:

Tenth Circuit Criminal Pattern Jury Instructions § 1.04

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 3

93286587.1

## STIPULATED INSTRUCTION 3
### Evidence — defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Sources:

Tenth Circuit Criminal Pattern Jury Instructions § 1.06

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 4

## STIPULATED INSTRUCTION 4
### Direct and circumstantial evidence

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Sources:

Tenth Circuit Criminal Pattern Jury Instructions § 1.07

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 5

93286587.1

## STIPULATED INSTRUCTION 5
**Burden of proof**

At the beginning of this case, I talked to you about the difference between a criminal and a civil case with respect to the burden of proof. At least some of you may have heard of the term "proof beyond a reasonable doubt." Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not generally apply in civil cases such as this. You should, therefore, put it out of your minds.

In a civil case, such as this one, the burden of proof is preponderance of the evidence. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.


Sources:

Fed. Jury Prac. & Instr. § 104.01 (5th ed.).

CJI-Civ. 3:1 (CLE 2011).

Fed. Jury Prac. & Instr. § 104.01 (5th ed.).

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 6

NOTE: This instruction was titled "Standard of Review" in the *SOLIDFX* instructions

## STIPULATED INSTRUCTION 6
### Highlighted exhibits

The lawyers have highlighted certain parts of some exhibits. However, it is for

you to determine the significance of the highlighted parts.


Sources:
CJI - Civil § 3:18


Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 8

6

## <u>STIPULATED INSTRUCTION 7</u>
### Juror's findings - probabilities

Any finding of fact you make must be based on probabilities, not possibilities.

You should not guess or speculate about a fact.

Sources:

CJI - Civil 3.4

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 9

93286587.1

## STIPULATED INSTRUCTION 8
### Credibility of witnesses

As I previously instructed you, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either party?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

93286587.1

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Sources:

Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (modified)

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 10

## STIPULATED INSTRUCTION 9
### Oral statements or admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

Sources:
3 Fed. Jury Prac. & Instr. § 104.53 (5th ed.)
Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 12

93286587.1

## STIPULATED INSTRUCTION 10
### Use of depositions

Certain testimony has been read into evidence or replayed by video from a

deposition. A deposition is testimony taken under oath before the trial and preserved in

writing or by video. You are to consider that testimony as if it had been given by the

witness from the witness stand.

Sources:
CJI - Civil § 3:10
Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 13

93286587.1

## STIPULATED INSTRUCTION 11
### Expert witness

A witness qualified as an expert by education, training, or experience may state

opinions. You should judge expert testimony just as you would judge any other

testimony. You may accept it or reject it, in whole or in part. You should give the

testimony the importance you think it deserves, considering the witness's qualifications,

the reasons for the opinions, and all of the other evidence in the case.


Sources:

CJI - Civil § 3:16
Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 14

## STIPULATED INSTRUCTION 12
### Equal Treatment of Business Entities

Both parties to this case are business entities. All parties – whether they are individuals, corporations, or partnerships – stand equal before the law. These business entities may only act through their respective employees, agents, directors, or officers. They are entitled to the same fair consideration that you would give any individual person.

Sources:

CJI-Civ. § 7:7

3 Fed. Jury Prac. & Instr. § 108:01 (6th ed.) (Agents of corporation) ("A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.")

Pattern Civ. Jury Instr. 11th Cir. 3.2.2 (2022) ("The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.")

Seventh Circuit Pattern Jury Instruction 1.03 (All Litigants Equal Before the Law)

Model Civ. Jury Instr. 9th Cir. 4.1 (2023)

## **STIPULATED INSTRUCTION 13**
### **All available witnesses need not be produced**

The law does not require any party to call as witnesses all persons who may

have been present at any time or place involved in the case, or who may appear to

have some knowledge of the matters in issue at this trial. Nor does the law require any

party to produce as exhibits all papers and things mentioned in the evidence in the

case.

Sources:

3 Fed. Jury Prac. & Instr. § 105.11 (5th ed.)

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 16

## STIPULATED INSTRUCTION 14
### Number of witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Sources:

3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.)

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 17

15

## **STIPULATED INSTRUCTION 15**
### **Lawyers' objections**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case

Sources:

Sixth Circuit Criminal Pattern Jury Instructions § 1.09

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 18

93286587.1

## PART II: STIPULATED FACTS

### STIPULATED INSTRUCTION 16
**Stipulations**

You have heard me say that the parties have stipulated to certain facts. This

agreement makes the presentation of any evidence to prove this fact unnecessary.

The agreement means that you must accept this fact as true.

In this case, the parties have stipulated to the following facts:

1. In the fall of 2015, the Colorado Department of Transportation ("CDOT") solicited design-build proposals for the C470 highway widening project in the south Denver metro area (the "Project").  The Project widened a 12.5-mile section of C470 from roughly the Chatfield Reservoir on the west to the C470/I-25 intersection near the Park Meadows Mall on the east.

2. Instead of designing the highway itself, CDOT requested "design build" proposals from private companies to both design and construct the Project.

3. The Parties entered into a Teaming Agreement on November 9, 2015.

4. Bid proposals for the Project were due to CDOT on March 3, 2016, and the JV submitted its $204 million bid at that time.

5. CDOT selected the JV's bid and awarded the Project to the JV in April 2016.

6. ATS was paid approximately $730,000 by the Joint Venture for its design work under the Teaming Agreement for its pre-award design work.

7. The Parties entered into a Design Subcontract on May 23, 2016.

8. The JV and CDOT entered into a contract to design and build the highway (the "Prime Contract") on June 16, 2016.

Sources:

Colorado Jury Instructions-Civil § 1:13

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 7

Modified version of Final Pretrial Order

93286587.1

**PART III: CLAIMS**

**STIPULATED INSTRUCTION 17**
**Transition to claims**

That concludes the part of my instructions explaining your duties and the general

rules that apply in every civil case. Now I will explain the elements of the claims at issue

here, which are for breach of contract.

Source:

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 22

**STIPULATED INSTRUCTION 18**
**Contract interpretation**

The entire contract (with any attachments) is to be considered in determining the existence or nature of the contractual duties. You should consider the agreement as a whole and not view clauses or phrases in isolation.

Words or phrases not defined in a contract should be given their plain, ordinary, and generally accepted meaning. However, when a contract uses words or phrases from a trade or technical field, those words or phrases should be given their usual meaning in that trade or technical field at the time of the contract. Where there is an inconsistency between general and specific provisions in a contract, the specific provisions express more exactly what the parties intended.

The statements of conduct of the parties before any dispute arose between them is an indication of what the parties intended at the time that the contract was formed. To determine what the parties intended the terms of the contract to mean, you may also consider the language of the written agreement, the parties' negotiations of the contract, any earlier dealings between the parties, any reasonable expectations the parties may have had because of the promises or conduct of the other party, and any other facts and circumstances that existed at the time that the contract was formed.

Sources:

CJI - Civil §§ 30:31, 30:32, 30:33, 30:34, 30:36

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.,* no. 11-cv-01468-WJM-NYW, ECF 343-3 at 24.

19

## STIPULATED INSTRUCTION 19
### Damages — overview

That concludes the part of my instructions explaining the elements of the claims at issue here. The instructions that follow govern how you should go about awarding damages for breach of contract this case.

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to whether a party is entitled to a verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of a party on any of its claims for breach of contract in accordance with the other instructions.

Sources:

3 Fed. Jury Prac. & Instr. § 106.02 (6th ed).

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 43.

93286587.1

## STIPULATED INSTRUCTION 20
### Direct damages; consequential damages

Damages for breach of contract may be direct damages or consequential damages.

Direct damages are those that flow naturally from the breach of contract, whereas consequential damages are other foreseeable losses that would have been within the reasonable contemplation of the parties at the time the contract was made and are the probable result of the breach, but do not flow directly from the breach.

You may award direct damages – those damages that you find were a natural and probable consequence of a breach of contract that reasonably could have foreseen at the time the parties entered into the contract.

You may not award damages that you determine are consequential damages. The parties agreed in the Design Subcontract that neither party could recover consequential damages. (p. 8 ¶¶ 12 and 16.11).

You may not award damages to punish or make an example out of breaching party.

Source:

CJI – Civil § 30:38

CJI – Civil § 30:39

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 841 F.3d 827, 838–39 (10th Cir. 2016) (quoting *Hadley v. Baxendale*, 9 Exch. 345, 156 Eng. Rep. 145 (1854)).

## STIPULATED INSTRUCTION 21
### Nominal damages

If you find in favor of a party on any of its breach of contract claims but do not

find that the claiming party suffered any actual, direct damages for that breach, you

shall award the claiming party nominal damages of one dollar for that breach of contract

claim.

Sources:

CJI - Civil § 30:41

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 45.

*Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 818
(Colo.App. 2003) ("When a plaintiff establishes breach, but does not prove actual
damages, the plaintiff is entitled to nominal damages.")

*City of Westminster*, 100 P.3d at 481 ("Nominal damages are recoverable for a breach
of contract even if no actual damages resulted or if the amount of actual damages has
not been proved.")

**PART IV: DELIBERATION AND VERDICT FORM**

**<u>STIPULATED INSTRUCTION 22</u>**
**Transition to deliberation and verdict form**

This concludes the part of my instructions explaining the law that applies in this

case. Now let me finish up by explaining some things about your deliberations in the

jury room and your possible verdicts.


Sources:

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 51

## STIPULATED INSTRUCTION 23
**Applying law to evidence**

In your deliberations, your duty is to apply the court's instructions of law to the evidence that you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including any newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the Internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and any other web site. You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case.


Sources:

CJI - Civil § 4:1A

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.,* no. 11-cv-01468-WJM-NYW, ECF 343-3 at 52

## STIPULATED INSTRUCTION 24
### Duty to deliberate

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

To reach a verdict for either party, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The Court has prepared a Verdict Form that you will use.

[Explain the Verdict Form]

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on the Verdict

Form. At the conclusion of your deliberations, the foreperson should date and sign the

Verdict Form.

Only one copy of this Verdict Form will be provided to you. If you make an error

on the Form, please tell the bailiff. The bailiff will destroy the erroneous form and a

blank form will be provided.


Sources:

Tenth Circuit Pattern Jury Instructions—Criminal § 1.23 (2011) (modified)

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*,
no. 11-cv-01468-WJM-NYW, ECF 343-3 at 53

93286587.1

## STIPULATED INSTRUCTION 25
### Communication with the court

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

The Court will then confer with the attorneys as to the appropriate way to answer your question. However, there may be some questions that, under the law, the Court is not permitted to answer. If it is improper for the Court to answer the question, the Court will tell you that. Please do not speculate about what the answer to your question might be or why the Court is not able to answer a particular question.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Sources:

Tenth Circuit Pattern Jury Instructions—Criminal § 1.44.

CJI - Civil § 4:2A

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 53