**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02811-WJM-KAS

AECOM TECHNICAL SERVICES, INC.,

       Plaintiff/Counterclaim Defendant,

v.

FLATIRON | ATS, LLC,

       Defendant/Counterclaim Plaintiff.

---

**ATS'S DISPUTED JURY INSTRUCTIONS**

---

Pursuant to ECF 391, and following conferral, ATS submits the following proposed jury instructions which are disputed by Flatiron.

Respectfully submitted this 2nd of February, 2024.

                    *s/ Stephen D. Gurr*
                    Stephen D. Gurr, sgurr@polsinelli.com
                    M. Adam Lewis, adam.lewis@polsinelli.com
                    Carter McDonnell, cmcdonnell@polsinelli.com
                    Bennett L. Cohen, bcohen@polsinelli.com
                    Polsinelli PC
                    1401 Lawrence Street, Suite 2300
                    Denver, CO 80202
                    Phone: (303) 572-9300
                    *Attorneys for Plaintiff/Counterclaim Defendant AECOM Technical Services, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 2, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel in this action, including:

| | |
|---|---|
| Buck Beltzer, *et al.* | David Feinberg, *et al.* |
| Beltzer Bangert & Gunnell LLP | Venable LLP |
| 5420 South Quebec Street, Suite 103 | 600 Massachusetts Ave. NW |
| Greenwood Village, CO 80111 | Washington, DC 20001 |
| buck@bbglaw.com | dlfeinberg@venable.com |

*s/ Tammi Huff*

2

ATS's Disputed 1.       Breach of contract – ATS's claim ............................................ 4

ATS's Disputed 2.       Breach of contract – Flatiron's claims .................................... 5

ATS's Disputed 3.       Breach of contract – standard of care ................................. 11

ATS's Disputed 4.       Damages must be foreseeable ............................................ 12

ATS's Disputed 5.       Uncertainty as to amount of damages ................................. 13

ATS's Disputed 6.       Court's ruling on damages limitation clause in contract ....... 14

ATS's Disputed 7.       Multiple recovery prohibited .................................................. 16

ATS's Disputed 8.       Obligation to mitigate damages ........................................... 17

**ATS's Disputed 1.    Breach of contract – ATS's claim**

A breach of contract is the failure to perform a contractual promise when performance is due.

ATS claims that Flatiron has breached the Design Subcontract in one way – by failing to pay ATS for all of its design work.

For ATS to recover from Flatiron on its claim for breach of the Design Subcontract, you must find all of the following have been proven by preponderance of the evidence:

1. The parties entered into the Design Subcontract.  (This first element has been stipulated to by the parties and has therefore been established.)

2. Flatiron breached the Design Subcontract by failing to pay ATS for design services performed on the Project under the Design Subcontract.

3. ATS substantially performed its obligations under the Design Subcontract, or was prevented by the other from performing its obligations.

For this alleged breach of contract, you should separately consider all of the instructions related to breach of contract.  As you will see on the Verdict Form, you will have to return a separate verdict on this claim.

If you find that ATS did not prove all three elements by preponderance of the evidence, your verdict on ATS's claim should be for Flatiron.  On the other hand, if you find that ATS has proven all of these elements by preponderance of the evidence, your verdict should be for ATS.

Sources:

CJI - Civil § 30:11

Instructions approved by the Court and used in SOLIDFX v. Jeppesen Sanderson, Inc., no. 11-cv-01468-WJM-NYW, ECF 343-3 at 19 and 26

**ATS's Disputed 2.     Breach of contract – Flatiron's claims**

A breach of contract is the failure to perform a contractual promise when performance is due.

Flatiron claims ATS has breached the Design Subcontract by providing design services that breached the Design Subcontract's standard of care. Flatiron has identified 72 alleged violations of the standard of care:

- Alleged breach no. 1: Improper Re-use of Existing Infrastructure.
- Alleged breach no. 2: Missing Flanking Inlets in Flat Sag Grade.
- Alleged breach no. 3: Excessive Flow Spread Widths.
- Alleged breach no. 4: Lack of Inlets along Solid Barriers.
- Alleged breach no. 5: Improper Use of Rundowns for Concentrated Flows.
- Alleged breach no. 6: Missing Inlets at Sag Points.
- Alleged breach no. 7: Missing Inlets at Median Breaks, Ramp Gores, and Street Intersections.
- Alleged breach no. 8: Missing Inlets Upstream / Downstream of Bridges.
- Alleged breach no. 9: Missing Inlets 10 Feet Upstream of Cross Slope Reversal.
- Alleged breach no. 10: Missing Inlets at End of Ditches or Channels.
- Alleged breach no. 11: Missing Inlets at Low Points Behind Retaining Walls, Sidewalks, Etc.
- Alleged breach no. 12: Failure to Add 100% Bypass Flows to Downstream Inlet.
- Alleged breach no. 13: Failure to Space Inlets based on Flow Spread or Manhole Spacing.
- Alleged breach no. 14: Missing Flanking Inlets at Sag Points - Relief from Debris Clogging.

5

- Alleged breach no. 15: Missing Flanking Inlets to Prevent Expanded Flow Spread if the Sag Inlet is Clogged.

- Alleged breach no. 16: Missing Inlets 10-Feet Before Super Elevations.

- Alleged breach no. 17: Failure to Minimize Hydroplaning & Icing Problems.

- Alleged breach no. 18: Missing Bridge Deck Inlets.

- Alleged breach no. 19: Missing Permanent Channel Lining of High Shear Stress.

- Alleged breach no. 20: Missing Soil Retention Blankets, TRM or Rip-Rap.

- Alleged breach no. 21: Inadequate Stormwater Conveyance.

- Alleged breach no. 22: Improper Direction and Geometric Layout.

- Alleged breach no. 23: Failure to Collect Onsite and Offsite Water and Route to a Pond.

- Alleged breach no. 24: Missing Forebays in Extended Detention Basin.

- Alleged breach no. 25: Missing Concrete Cutoff Walls in Extended Detention Basins.

- Alleged breach no. 26: Missing Access/Maintenance Roads in Extended Detention Basins.

- Alleged breach no. 27: Infrastructure to Allow Extended Detention Basin Consolidation.

- Alleged breach no. 28: Modification to Route Flows Around Ponds.

- Alleged breach no. 29: Modification of Extended Detention Basin Volume and Shape.

- Alleged breach no. 30: Hydrology Methodology.

- Alleged breach no. 31: Hydrology Calculations.

- Alleged breach no. 32: Slip Lining Existing Pipe.

- Alleged breach no. 33: Flow Fill Existing Pipes.

- Alleged breach no. 34: Slip Lining Existing Rather than Flow Fill.

6

- Alleged breach no. 35: Additional Modification of Drainage Design Concepts and Layout.

- Alleged breach no. 36: Modification of Location, Size and/or Length of Stormwater Infrastructure.

- Alleged breach no. 37: Failure to Provide Required Barrier due to Grading Elements in the Clear Zone.

- Alleged breach no. 38: Failure to Provide Required Barrier due to Hazard in Clear Zone.

- Alleged breach no. 39: Failure to Provide Required Median Barrier in Median.

- Alleged breach no. 40: Failure to Provide Required Barrier Type 7 Style or Provide Type 7 Style Details.

- Alleged breach no. 41: Failure to Provide Required Barrier Type 7 Transitions or End Sections.

- Alleged breach no. 42: Sign Support Structure Foundations.

- Alleged breach no. 43: Sign Support Structures.

- Alleged breach no. 44: Overhead Sign Structure Quantities.

- Alleged breach no. 45: Regulatory Signage Sizing.

- Alleged breach no. 46: Preferential Lane and General-Purpose Lane Signage.

- Alleged breach no. 47: Preferential Lane Advance Guide Signage.

- Alleged breach no. 48: Advance Exit Signage.

- Alleged breach no. 49: Advance Guide Signage.

- Alleged breach no. 50: Advance Street Name Signs.

- Alleged breach no. 51: Preferential Lane Egress Point Signage.

- Alleged breach no. 52: Managed Lanes Regulatory Signage.

- Alleged breach no. 53: Signage Design and/or PCO Information.

- Alleged breach no. 54: Insufficient Vertical Alignment.

7

- Alleged breach no. 55: Failure to Meet 0.2% Maximum Vertical Slope Change.

- Alleged breach no. 56: Failure to Provide Milling Detail for Asphalt Leveling Course (Wedge).

- Alleged breach no. 57: Failure to Delineate Full Depth Reconstruction Required in "Overlay" Area.

- Alleged breach no. 58: Insufficient Quantity of Full Depth Reconstruction Area.

- Alleged breach no. 59: Failure to Provide Sufficient Pavement Sections.

- Alleged breach no. 60: Failure to Provide Pavement Sections with Subgrade on ARE 1.

- Alleged breach no. 61: Insufficient Horizontal Alignment.

- Alleged breach no. 62: Failure to Provide Geotextile Fabric in Pavement Sections.

- Alleged breach no. 63: Failure to Provide Sufficient Saw Cut Quantity.

- Alleged breach no. 64: Insufficient Caisson Size and Depth at Broadway, University, Acres Green and Yosemite Bridges.

- Alleged breach no. 65: Improper Trail Elevation Under Platte River Bridge.

- Alleged breach no. 66: Improper Sight Stopping Distance on Trail below Platte River Bridge.

- Alleged breach no. 67: Failure to Provide Sufficient Median Concrete Slope and Ditch Paving.

- Alleged breach no. 68: Failure to Design Sufficient Slope Paving.

- Alleged breach no. 69: Failure to Design Type II Gutter to Convey Stormwater Flows.

- Alleged breach no. 70: Failure to Provide Scope of Work for the Temporary Communications and Devices Plan during Pre-Award, and Failure to Include the deliverable within the Design Subcontract Agreement Schedule.

- Alleged breach no. 71: Failure to integrate and coordinate the ITS/Tolling design with other design disciplines (e.g., MOT, Roadway, etc.) during the Pre-Award and Post-Award phases.

8

- Alleged breach no. 72: Failed to provide to Flatiron a Pre-Award Design for ITS/Tolling that was adequate and sufficient for bidding purposes.

For Flatiron to recover from ATS on its claims for breach of the Design Subcontract, you must find all of the following have been proven by preponderance of the evidence as to each claim:

1. The parties entered into the Design Subcontract.  (This first element has been stipulated to by the parties and has therefore been established.)
2. ATS breached the Design Subcontract by violating the Design Subcontract's standard of care provision in one or more of the ways listed above.
3. Flatiron substantially performed its obligations under the Design Subcontract, or was prevented by the other from performing its obligations.

For each of these alleged breaches of contract, you should separately consider all of the instructions related to breach of contract.  As you will see on the Verdict Form, you will have to return a separate verdict on each of these 72 theories of breach.

If you find that Flatiron did not prove all three elements by preponderance of the evidence as to each alleged breach, your verdict should be for ATS on that alleged breach.  On the other hand, if you find that Flatiron has proven all of these elements by preponderance of the evidence as to an alleged breach, your verdict should be for Flatiron on that claim of alleged breach.

Sources:

CJI - Civil § 30:11

Instructions approved by the Court and used in SOLIDFX v. Jeppesen Sanderson, Inc., no. 11-cv-01468-WJM-NYW, ECF 343-3 at 19 and 26

Notes:

The Court's approved instruction in *SOLIDFX* listed all of the specific ways that plaintiff SOLIDFX alleged that defendant Jeppesen had breached the parties' app development contract.

This list of 72 alleged breaches is taken directly from the 72 Violations of the Standard of Care (VSC) developed in the expert report of Dr. Kenneth O'Connell, Flatiron's standard of care expert. The alleged breaches quote the headings Dr. O'Connell used for each VSC, substituting "Alleged breach" for VSC; and substituting "Flatiron" for "F|A."

### ATS's Disputed 3.     Breach of contract – standard of care

Flatiron's claims against ATS for breach of contract are based on Flatiron's claim that ATS has violated the Design Subcontract's standard of care.

The Design Subcontract's standard of care provision is section 1.9, including six subsections (1.9.1 to 1.9.6). The Design Subcontract's second section 1.5 also addresses ATS's obligations and Flatiron's expectations in ways that impact the standard of care.

Compliance with the standard of care does not require perfection or infallibility.

Flatiron has the burden of proof of establishing any breach of the standard of care.

You must determine whether the standard of care has been complied with or breached based only on the testimony of the expert witnesses.

Sources:

F.R.E. 702

*Corcoran v. Sanner*, 854 P.2d 1376, 1379 (Colo. App. 1993) (reviewing authority requiring expert testimony to address standard of care for architects and engineers)

*Bldg. On Our Best LLC v. Sentinel Ins. Co. Ltd.*, No. 15-CV-00669-RBJ, 2015 WL 7014445, at *5 n.1 (D. Colo. Nov. 12, 2015) (party must present expert engineering testimony to establish that the engineer's work did not meet the requisite standard of care).

### ATS's Disputed 4.    Damages must be foreseeable

For damages to be recoverable, they must be foreseeable by the parties to the contract at the time the contract was made.  "Foreseeable" means within the reasonable contemplation of the parties at the time the contract was made.  You may not award damages unless you find that the damages were foreseeable by both parties at the time the contract was made.

Sources:

*Ute Water Conservancy Dist. v. Fontanari*, 2022 COA 125M, ¶ 53, 524 P.3d 308, 318, cert. denied (Colo. 10/16/2023) (summarizing relevant principles of law regarding damages), quoting:

*Giampapa v. Am. Fam. Mut. Ins. Co.*, 64 P.3d 230, 237 n.3 (Colo. 2003) ("General damages' are those that flow naturally from the breach of contract, whereas 'special' or 'consequential damages' are other foreseeable damages within the reasonable contemplation of the parties at the time the contract was made.")

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 841 F.3d 827, 838-41 (10th Cir. 2016), applying:

*Vanderbeek v. Vernon Corp.,* 50 P.3d 866, 871 (Colo. 2002) ("Under [*Hadley v. Baxendale*]*,* a party to a contract is only responsible for those damages that he should reasonably have contemplated as the probable result of a breach at the time the contract was entered into. Because the party is aware, or should be aware, that these damages are a potential consequence of breach, he presumably will take into account the risk that these contingencies will occur while negotiating the contract. Thus, by limiting contractual liability to those damages foreseen by the parties at the time the contract was formed, *Hadley* ensures that the bargain struck reflects a mutually agreeable allocation of the risks and costs of breach. In other words, *Hadley* guarantees the fairness of a bilateral agreement by protecting the parties from unanticipated liability arising in the future."), following

*Hadley v. Baxendale*, 9 Ex. 341, 156 Eng. Rep. 145 (1854).

### ATS's Disputed 5.     Uncertainty as to amount of damages

Damages must be reasonable. If you should find that a claiming party is entitled to a verdict on any of its claims, you may award only such damages as will reasonably compensate that claiming for the damages caused by the breaching party.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future. However, difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

Source:

CJI-Civil § 5:6

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 49

**ATS's Disputed 6.        Court's ruling on damages limitation clause in contract**

During trial, you heard testimony and evidence about the provisions of the Subcontract that limit the parties' potential liability to each other, specifically:

"<u>Limitations on Liability</u>" (at p. 5 ¶ 1),

"<u>Liability for Schedule</u>" (at p. 5 ¶ 2),

"<u>Waiver of Consequential Damages</u>" (at p. 7 ¶ 12), and

"<u>Deviation from Preliminary Design</u>" (at p. 17 second ¶ 1.5).

Contracting parties may protect themselves from unanticipated liability by including liability limitations in their contract, to allocate the risks and costs of a breach. The Court has ruled that these liability limitations are enforceable.  You may therefore consider how the Subcontract's liability limitations impact a claiming party's damages in accordance with all of the instructions provided to you, including the requirement that damages must be foreseeable.

However, the Subcontract's liability limitations do not limit the amount of damages you may award to either party if you conclude that the facts and the law support such an award.  Rather, the Court will apply these liability limitations to any award you make in your verdict after the trial, as warranted.

(This is ATS's proposed limiting instruction submitted January 17, 2024 at ECF 357)

Sources:

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 44 (modified)

*Polymer Dynamics, Inc. v. Bayer Corp.*, No. CV 99-4040, 2007 WL 9753194, at *20 (E.D.Pa. 8/15/2007) and ECF 172 at 19 (jury instruction no. 15, instructing jury regarding liability limitations provision in parties' contract)

*Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 203-04 (3d Cir. 1995) (authority for instruction in *Polymer Dynamics, Inc.*)

*Johnson Nathan Strohe, P.C. v. MEP Eng'g, Inc.*, 501 P.3d 826, 831-32 (Colo.App. 2021), *cert. denied* (Colo. 7/25/2022) (adopting legal analysis of *Valhal Corp. v. Sullivan Assocs., Inc.,* regarding enforceability of contractual limitations of liability)

Case No. 1:19-cv-02811-WJM-KAS   Document 397   filed 02/02/24   USDC Colorado
pg 15 of 18

Case No. 1:19-cv-02811-WJM-KAS   Document 397   filed 02/02/24   USDC Colorado
pg 16 of 18

### ATS's Disputed 7.     Multiple recovery prohibited

If you find for a claiming party on multiple theories of breach of contract, you may award that party damages only once for the same injuries.

Source:

CJI - Civil § 6:14

Instructions approved by the Court and used in *SOLIDFX v. Jeppesen Sanderson, Inc.*, no. 11-cv-01468-WJM-NYW, ECF 343-3 at 50.

## ATS's Disputed 8.      Obligation to mitigate damages

If you find that a claiming party has proven actual damages, then you must consider whether the breaching party has proved its affirmative defense that that claiming party failed to mitigate or minimize its damages.

A party claiming breach of contract has the duty to take reasonable steps under the circumstances to mitigate or minimize its damages. Damages, if any, caused by the claiming party's failure to take such reasonable steps cannot be awarded to that party.

A party's failure to mitigate damages is excused if mitigation would require unreasonable measures or if there were reasonable grounds for the party's failure to mitigate damages.  For example, a defending party's assurances that the wrong will be remedied is a sufficient justification for a claiming party's failure to mitigate, if there were reasonable grounds for believing the assurances.

This affirmative defense is proved if you find that the breaching party has proven by preponderance of the evidence that the claiming party had increased damages because it did not take reasonable steps to minimize those damages.

If you find that the breaching party has not proven this proposition by a preponderance of the evidence, then you shall make no deduction from claiming party's damages. On the other hand, if you find that the breaching party has proven that proposition by a preponderance of the evidence, then you must determine the amount of damages caused by claiming party's failure to take such reasonable steps. This amount must not be included in your award of damages for breach of contract.

Sources:

CJI - Civil § 5:2

Fair v. Red Lion Inn, 943 P.2d 431, 437 (Colo. 1997).

Berger v. Security Pacific Information Systems, Inc., 795 P.2d 1380, 1385-1386 (Colo. App. 1990) (citing C. McCormick, Law of Damages § 38 (1935); 22 Am.Jur.2d Damages § 504 (1988)).

Instructions approved by the Court and used in SOLIDFX v. Jeppesen Sanderson, Inc., no. 11-cv-01468-WJM-NYW, ECF 343-3 at 46